# York Manufacturing Company *vs.* Dominicus Cutts.

*Mem.* Shepley J. having been consulted in relation to the controversy be-tween these parties, before his appointment, took no part in the decision of this case.

The mortgagee brought his writ of entry against the assignees of the mortga-gor, without declaring as upon a mortgage ; the assignees by brief statement pleaded, that they were the owners of the equity and entitled to redeem, and that if any judgment should be rendered, it should be as upon a mort-gage; to this the mortgagee replied, that the right to redeem had been fore-closed, and that an unconditional judgment should be rendered ; the action was tried, and the jury found, that the assignees were not entitled to redeem in manner and form as they in their brief statement had alleged ; questions of law were reserved in the case, and a motion for a new trial filed, and the action was continued.   During the pendency of the suit on these questions, and before any decision or judgment of the Court thereon, the assignees tendered the amount secured by the mortgage, and brought their bill in equity to redeem, wherein it was, among other things, alleged, that the suit at law was pending, and that the mortgagee was thereby contriving unjust-ly to injure the assignees ; the mortgagee demurred to so much of the bill as *sought relief*, and pleaded the proceedings on the writ of entry in bar of so much of the bill as *prayed for a discovery*.

*It was held :* —

That where the cause is argued upon a demurrer and plea in bar, that for the purpose of considering their legal effect, the averments in the plea are to be taken as true.

That if the mortgagee bring his writ of entry, without declaring as upon a mortgage, the assignees of the mortgagor, have their election to suffer a default, or to plead that they have a subsisting right of redemption, and that a conditional judgment only should be rendered.   If the latter course be adopted, it opens the whole field of inquiry as to the facts and principles, legal and equitable, upon which the alleged right to redeem is based.

That where a controversy has been submitted to the decision of a court of law, a court of equity cannot proceed upon the same subject matter.

That the plea in bar, if the averments therein are not controverted, is suffi-cient to preclude the maintenance of the bill for the discovery of facts, bas-ed on the assumption, that the right to redeem remained.

That if the plea be allowed by the Court, still the complainants may reply to the plea, and deny the truth of the facts contained in it, and put the defend-ant to establish them by proof.

And that the complainants have a plain, adequate and certain remedy at law, adapted to the relief prayed for; that the whole matter had been submitted to a court of law, and was in a train for final adjudication ; and that the mat-ter set forth in the bill to which the demurrer extends, does not entitle them to relief in this Court, sitting as a court of chancery.

THIS was a bill in equity arising out of the same transactions related in the cases between the same parties reported in 14 *Maine Rep.* 326, and *ante, p.* 190. Additional facts were stated in the bill, and among them, that the value of the property, since the mortgage was assigned by *Cutts* to the *Atlantic Bank*, has greatly increased, from the improvements and expenditures of the company in the immediate vicinity ; that *Cutts* did not deny the right to redeem, or caution the company against purchasing, until after they had expended large sums of money in the purchase of the equity of his relatives ; that the company could not ascertain the amount justly due from *Richard Cutts* to *Dominicus Cutts* on the mortgage, and that *Dominicus Cutts* refused to render any account thereof, or of any income, and therefore they could not safely make a tender to him ; that after the company had paid to the *Atlantic Bank* the amount due from *D. Cutts* to them, in *July*, 1832, they immediately went into the actual possession and occupation of the premises, by consent of the bank, as the legal representatives of *Richard Cutts*, the mortgagor, and as assignees of the equity of redemption ; that the *Atlantic Bank*, before the redemption by *Richard Cutts*, waived, surrendered and abandoned forever the entry made by their attorney to foreclose the mortgage ; that the paper dated *Dec.* 14, 1833, was executed by the bank and delivered to the company on said fourteenth day of *December*, 1833 ; that *Cutts* well knew that the mortgage had not been foreclosed, but finding the mortgaged property had much increased in value in consequence of the improvements made by the company, and designing to injure them for his own benefit, contrived and attempted to deprive them of the large sums they had paid for the equity, and to prevent any redemption ; that the company had always been ready to pay the sum due on the mortgage, when they could ascertain the same, and requested *Cutts* to state the amount thereof which he utterly refused to do ; and that they tendered to him the full amount believed to be due, which he refused to receive. They aver that they can have adequate relief only in a court of equity ; they pray that *Cutts* may be enjoined from further prosecuting his said suit at law ; or that none but a conditional judgment be rendered ; that *Cutts* should be required to state and exhibit an account of the sum justly due on the mortgage, and pro-

duce all books and papers relative thereto ; and be required to receive the amount of the company, and release all claim to the premises under the mortgage.   The bill was filed and a subpœna issued *April* 12, 1839, and was served upon the defendant on the next day.

To this bill *Cutts*, on *Sept.* 10, 1839, put in a demurrer and plea in bar.   The demurrer was — " that as to so much of said bill as prays or seeks relief from or against this defendant in and upon the premises set forth therein, this defendant doth demur in law."   Several causes of demurrer were assigned, being the same taken as points to be supported in the argument.

The plea in bar was verified by the oath of the party, and alleges that *Cutts*, " as to so much of the bill as seeks any discovery from this defendant upon the matters and things and allegations set forth in said bill and inquired of thereby, and prays the introduction and exhibition of all books, papers, receipts, memorandums and entries, doth plead in bar thereto."   The plea then states the commencement of his writ of entry against the company ; gives a copy of the declaration, and a copy of the plea and brief statement of the company, wherein they say, " that on *Oct.* 27, 1819, *Richard Cutts* was lawfully seized of the demanded premises in fee, and then conveyed the same to said *Dominicus Cutts* by deed of mortgage, to secure the performance of certain conditions in the same deed mentioned ; and further, that they are lawfully possessed of the right which the said *Richard Cutts* had to redeem the said mortgaged premises, and are entitled by law to redeem the same ; and that if any judgment ought te be rendered in said action in favor of said *Dominicus Cutts*, it should be a judgment as upon a mortgage only ;" gives a copy of the replication thereto by brief statement, stating, that he, for special matter in support of his said action, " says, that the right which the said *Richard Cutts* had to redeem the premises demanded, has long since been foreclosed ; and that neither the said *Richard,* nor any one under him, has any right to redeem the demanded premises ; and that an unconditional judgment for the possession of the demanded premises should be rendered for him ;" gives a circumstantial history of the case, stating the first trial, first law question, the second trial and the verdict for *Cutts* in these words; " The jury find, that the *York Man-*

*ufacturing Company* did disseize the demandant in manner and form as set forth in the writ — and they further find, that the said *York Manufacturing Company* are not entitled to redeem in manner and form as they in their brief statement have alleged;" that law questions were reserved, and a motion for a new trial made : and concludes the statement of facts thus — " whereupon the said suit or action was continued in said Court by order of said Court to the next term thereof, to be holden at *Alfred* aforesaid, on the last *Tuesday* of *April,* 1839, and at said *April Term,* said motion and exceptions were argued by counsel for the parties, and heard by the Court, and said action was further continued by said Court for advisement thereon, and still is pending in said Court upon the questions of law aforesaid."

*A. G. Goodwin,* for *Cutts,* had prepared his argument before his decease, and afterwards, at the *April Term,* 1840,

*Bradley* argued for the defendant, chiefly from the minutes of *Mr.* Goodwin.

These complainants have a plain, adequate, sufficient, certain and complete remedy at law, and one adapted to the relief prayed for. 2 *Barbour and Harrington's Eq. Dig.* 28 ; *ib.* 15 ; *ib.* 112 ; 1 *Vern.* 176 ; 3 *Johns. Ch. R.* 355 ; 2 *B. & Har. Dig.* 21 ; *ib.* 15 ; 1 *Story's Eq.* 14 ; *Com. Dig. Chancery,* 3, *F.* 8.

The Supreme Judicial Court, as a court of law, has first taken cognizance of the subject matters set forth in said bill of complaint, to whose jurisdiction these complainants have submitted, as appears by their pleadings to said action, the substance of which is set forth in their said bill of complaint. *Smith* v. *McIver,* 9 *Wheat.* 533 ; 1 *Mad. Chan.* 127 ; 2 *Kent,* 125 ; 2 *Barb. & Har. Dig.* 24 ; 1 *Story's Eq.* § 599, 616 ; 2 *ib.* § 889 ; *Emery* v. *Goodwin,* 13 *Maine Rep.* 14 ; *Homer* v. *Fish,* 1 *Pick.* 439.

This bill is brought to change the forum, and therefore should be dismissed. 1 *Story's Eq.* § 74 ; *French* v. *Sturdivant,* 8 *Greenl.* 251 ; *Hunt* v. *Maynard,* 6 *Pick.* 489 ; *Given* v. *Simpson,* 5 *Greenl.* 303 ; *Mad. Chan.* 201.

Where no circumstances of surprize, accident, or fraud appear to have intervened to prevent a party from having a full hearing in a court of law, where the suit is brought, upon the points which

form the ground of his application to the court of equity, an injunction will not be granted. *2 Barb. & H. Dig.* 29, 110; *Penny v. Martin,* 4 *Johns. Ch. R.* 566; *Eden on Injunctions,* 34; 7 *Cranch,* 332; *2 Story's Eq.* § 894; 1 *Mad. Ch.* 130.

Discovery and relief are never given after a trial at law, when the matter was available at law, unless the party seeking it, avers and proves, that he was ignorant of the defence at the time of the trial. *2 Barb. & H. Dig.* 48; *Jeremy's Eq. Jur.* 261; *Com. v. Pejepscot Proprietors,* 7 *Mass. R.* 423; 3 *Johns. Ch. R.* 45; 16 *Johns. R.* 592; 1 *Johns. Ch. R.* 543; 4 *ib.* 409; 1 *Mad. Chan.* 198, note 1; 1 *Story's Eq.* § 146; 2 *ib.* § 895; *Potter v. Titcomb,* 2 *Fairf.* 218.

*J. Shepley,* for the plaintiffs, contended, that the *plea in bar,* going only to so much of the bill as prayed for a discovery, formed no obstacle to the maintenance of the bill. 1. Because the discovery, the contents of the papers sought, were not essential to the support of the bill, and of no importance, but in ascertaining the amount due on the mortgage, after the right to redeem was established. 2. Because the verdict, set forth in the plea, had judgment been rendered upon it, merely negatived the right of the plaintiffs to redeem, that is, decided in the opinion of the jury, that they had not such an interest as would enable them to redeem, and not that the right was lost by a foreclosure of the mortgage. 3. Because a verdict on which no judgment has been rendered, cannot operate as a bar. 4. Because as there was no allegation on either side, that any tender had been made, it was a merely speculative issue, whether the company had the right to redeem, if they wished, and could determine only the right to the possession, to which *Cutts* was entitled in any view of the case, even if he had not paid the debt of *Richard,* as his surety.

Nor should the defendant prevail on his demurrer. The allegations in the plea, although to be received as true for the purposes of the argument on that part of the case, are to be laid aside in the hearing of the demurrer. That goes to the relief sought in the bill, and is to be determined upon the facts stated in the bill alone. That states, that *Cutts* was attempting to injure the plaintiffs by bringing and prosecuting a writ of entry now pending.

The verdict is not stated in it, and if it were, it would be of no avail, until judgment rendered upon it, if ever.

The material question presented on the demurrer is, whether the commencement and pendency of a writ of entry by the mortgagee against the mortgagor takes away the right of the mortgagor, during its pendency, to make his tender and bring his bill in equity to redeem the mortgage?

Before the money is paid or tendered, the mortgagor cannot resist the right to possession under the mortgage with success. The mortgagee is entitled to his judgment, to obtain the profits, or to commence a foreclosure. If the judgment had been actually obtained in the suit, the mortgagor could then make his tender, and bring and maintain his bill in equity. Why should the pendency of the suit take away the right, which would clearly exist after judgment? The writ of entry must be brought at law. The process to obtain a decree or judgment enabling him to redeem, and have a reconveyance of the estate, is only in equity. They are separate and independent suits, and seek different objects in different courts, and may proceed together.

Besides, the bill alleges, that the suit at law was commenced and prosecuted with the fraudulent design to injure the plaintiffs, and to obtain their property unjustly. This is admitted by the demurrer. A suit commenced and prosecuted for such purposes is to be considered and treated like any other fraudulent act, of no force or effect. The plaintiffs therefore had not a remedy at law, and could not obtain the relief sought in the bill, in defence of the suit, or in any other mode than by bill in equity. The important fact on which the bill is based, the tender of the amount due on the mortgage, did not take place until after the commencement of the suit of law, and could not even in a court of equity have been of any avail, in a suit commenced prior to the tender.

*Daveis* and *D. Goodenow,* on the same side, replied to the argument of the defendant, and insisted that the bill could be maintained.

The opinion of the Court was by

WESTON C. J. — The cause having been argued upon the plea and the demurrer the averments in the plea in bar arising from

the proceedings had in this Court, in the suit at law by the defendant in equity against the present plaintiffs, must, for the purpose of considering their legal effect, be taken to be true. They have been submitted to the consideration of the whole Court, upon the legal questions raised in that suit. We are called upon to determine, whether they do not legally preclude the plaintiffs from the prosecution of their bill, so far as it seeks a discovery of facts, supposed to be available for their benefit.

The suit, to which we have referred, was a writ of entry to recover seizin and possession of the premises, which the plaintiffs now claim the right to redeem, as the assignees of the original mortgagor. The plaintiff there did not declare as mortgagee, with a view to obtain judgment as on mortgage; and the defendants in that suit were under no obligation to interpose their claim, as assignees of the mortgagor, to restrict the plaintiff to such a judgment. They might do so, according to our practice; and thus bring before the court the question, whether they had any subsisting right of redemption. This was formerly done by special plea, for which the general issue, with a brief statement is now by law substituted.

The present plaintiffs, then defendants, availed themselves of this privilege; and by their brief statement set up their right to redeem; and thereupon insisted, that the plaintiff could be entitled only to a conditional judgment. This opened and presented the whole field of inquiry, as to the facts and principles, legal and equitable, upon which this right was based. The facts controverted were then settled, upon a fair trial before the jury, to whom the cause was submitted; and every legal objection to their verdict has been discussed, examined and overruled. By a reference to the opinion of the court, last delivered in that case, *ante p*. 190, it will be perceived, that in their judgment the claims of the present plaintiffs have not been sustained.

Unless then the court shall open the controversy for further examination, their rights must be regarded as foreclosed. We do not accede to the doctrine, that the plaintiffs can proceed in equity, upon the same subject matter, which they have once submitted to the decision of a court of law. And more especially is this true, where every fact and principle, upon which they rely, as in the

case before us, was equally available in both courts. The case of *Emery* v. *Goodwin*, 13 *Maine R.* 14, is in point; and it is sustained by numerous authorities, cited for the defendant.

The facts have been definitively settled by the proper tribunal. The plaintiffs have had ample opportunity to present their case to the consideration of the jury and of the Court. In our opinion the plea in bar, if the averments therein are not controverted, is decisive against the right of the plaintiffs to maintain their bill for the discovery of facts, based upon the assumption, that their right to redeem has not been foreclosed. In chancery proceedings however, the plaintiff in equity, if he shall be so advised, may controvert the averments in the plea, and compel the defendant to prove them. "If the defendant file a plea in bar, and the plaintiff set it down for argument, he necessarily admits the truth of the plea; as much so, as if he had demurred to it; for otherwise, the legal effect of the matter pleaded could not be decided. And yet if the plea be allowed by the Court, the plaintiff may, notwithstanding his implied admission, reply to the plea, and deny the truth of the facts contained in it, and put the defendant to establish them by proof." *Crawford & al.* v. *Penn*, 3 *Wash. C. C. Rep.* 484, and the authorities there cited.

In regard to the demurrer, in our judgment, it is well pleaded. The bill sets forth the suit brought by the defendant, to recover seizin and possession of the premises in controversy, and that the plaintiffs thereupon pleaded their right to redeem with a prayer, that if any judgment should be rendered against them, it should be a conditional judgment only, as on mortgage. It thus appears from the bill, that the equity of the case was opened and submitted to this Court in that suit. How far it had advanced, or what further proceedings were had, is not to be ascertained from the bill. But enough does appear to show, that the plaintiffs have a plain, adequate and certain remedy at law, adapted to the relief prayed for; and that the whole matter had been submitted to a Court of law, and was in a train for final adjudication.

This being disclosed in the bill, we perceive no sufficient reason to permit the plaintiffs to pursue at the same time a concurrent remedy in this Court, as a court of chancery. It could be admissible only, where the merits could not be fairly tried in a court of

law.   The question is, whether the plaintiffs have a subsisting right in equity, or whether it has been legally foreclosed.   That is a point, the determination of which is incident to the powers expressly given by statute to a court of law, when set up and pleaded in a suit brought to recover an estate, in which a right of redemption is claimed.   Such was the course of proceedings at law in relation to this estate, as disclosed in the plaintiff's bill.   And upon the whole case we are satisfied, that the matter therein set forth, to which the demurrer extends does not entitle them to relief in this Court, sitting as a court of chancery.   The plaintiffs may however, if they shall so determine, reply to the defendant's plea in bar.